Exhibit B

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WINSTAR COMMUNICATIONS, INC., et al., | Case No. 01-1430 (KJC) Jointly Administered |
| Debtors. | |

**ORDER APPROVING SETTLEMENT AGREEMENT
AMONG CHRISTINE C. SHUBERT, CHAPTER 7
TRUSTEE, THE DIP LENDERS AND THE PRE-PETITION
LENDERS PURSUANT TO FED. R. BANKR. P. 9019**

This matter came before the Court on the motion (the "Motion") of Christine C. Shubert (the "Trustee"), chapter 7 trustee for the estate of Winstar Communications, Inc., et al. (the "Debtors"), requesting entry of an order approving the Stipulation Settling Trustee's Distribution Motion[1] dated as of December 30, 2009, among the Trustee, the Identified Dip Lenders and the Objecting Pre-Petition Lenders (the "Settlement Agreement") pursuant to Fed. R. Bankr. P. 9019 and granting the relief as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and the Court having determined that adequate notice of the Motion and the hearing thereon has been given; and the Court having read and considered the Motion, objections to the Motion, if any, and arguments of any

---

[1] A copy of the Settlement Agreement is annexed hereto as Exhibit A. Capitalized terms used herein and not otherwise defined herein shall have the respective meanings assigned to such terms in the Settlement Agreement.

counsel appearing regarding the relief requested in the Motion at a hearing before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors' estates, all creditors and parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing establish just cause for the relief granted herein:

It is hereby ORDERED that:

1. The Motion is hereby GRANTED in its entirety.

2. The Settlement Agreement (including, for the avoidance of doubt, Exhibit A annexed to the Settlement Agreement) entered into among the Trustee, the Identified DIP Lenders and the Objecting Pre-Petition Lenders, attached hereto as Exhibit A, is hereby incorporated herein by reference and approved as an Order of this Court pursuant to Fed. R. Bankr. P. 9019. All provisions of the Settlement Agreement (including, for the avoidance of doubt, Exhibit A annexed to the Settlement Agreement) shall be given the full force and effect of an order of this Court, and the failure to recite any particular provision of the Settlement Agreement (or Exhibit A annexed thereto) in this Order shall have no bearing on the status of such provision as an order of this Court, *except that the six month period set forth in Exhibit A to the Stipulation Settlement Agreement, paragraphs (1) and (2) is amended to read one year.*

3. The Trustee is authorized to take all necessary steps to effectuate the terms and provisions of the Settlement Agreement, including but not limited to making payment by wire transfer to (a) the DIP Agent, for the benefit of the DIP Lenders, in the amount of $84,508,743.38 in respect of the DIP Payoff Amount, (b) the Pre-Petition Agent, for the benefit of the Pre-Petition Lenders, in the amount of $5,500,000 in respect of the Settlement Amount, plus approximately $18,000,000 as an interim distribution in respect of the Residual Funds, (c) a designated representative of the Identified DIP Lenders of the Identified DIP Lenders' Expense Reimbursement, after receipt of the substantiation described in paragraph 5(c) of the Settlement Agreement, (d) a designated representative of the Objecting Pre-Petition Lenders of the Objecting Pre-Petition Lenders' Expense

Reimbursement, after receipt of the substantiation described in paragraph 5(c) of the Settlement Agreement, and (e) the Pre-Petition Agent, for the benefit of the Pre-Petition Lenders, a final distribution of the Residual Funds promptly after the Trustee determines the amount of such final distribution and following approval of the Trustee's Final Report and the entry of a further Order of this Court authorizing such distribution.

4. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order and the Settlement Agreement.

Dated: July 2, 2010

HONORABLE KEVIN J. CAREY
CHIEF BANKRUPTCY JUDGE

100785657_1.DOC

HF 5524919 v.1 #06723/0002 01/07/2010 04:11 PM