# Exhibit A

## The Settlement Agreement

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| WINSTAR COMMUNICATIONS, INC. et al., | : | Case No. 01-1430 (KJC)<br>Jointly Administered |
|  | : |  |
| Debtors. | : | Docket Ref. No. 4938 |
|  | : |  |

## STIPULATION SETTLING TRUSTEE'S DISTRIBUTION MOTION

This Stipulation (the "**Stipulation**") is made and entered into as of December 30, 2009, by and among (1) Halcyon Fund L.P, J.P. Morgan Securities Inc., BlackRock, Inc., and Gracie Capital (collectively, the "**Identified DIP Lenders**"), (2) Credit Suisse Loan Funding LLC, GSO Capital Partners, L.P. and Solus Alternative Asset Management LP (collectively, the "**Objecting Pre-Petition Lenders**"), and (3) to the limited extent set forth herein, Christine C. Shubert, in her capacity as the trustee (in such capacity, the "**Trustee**") of the Debtors' chapter 7 estates, to settle certain disputes regarding the inclusion of default interest and compound interest in the claim asserted by the DIP Lenders (as defined herein) under that certain Senior Secured Super-Priority Debtor in Possession Revolving Credit Agreement, dated as of April 18, 2001 among the lendersand the letter of credit issuing bank from time to time parties thereto (the "**DIP Lenders**"), Citicorp USA, Inc., as Administrative Agent (the "**DIP Agent**"), and The Bank of New York, as Collateral Agent (such agreement referred to herein as the "**DIP Credit Agreement**"), as calculated in the manner set forth in Exhibit A (the "**DIP Claim Calculation**") annexed to the Trustee's *Motion For An Order (i) Authorizing An Interim Distribution On The DIP Lenders' Claims, Or In The Alternative (ii) Authorizing An Interim Distribution Of The Undisputed Amount Of The DIP Lenders' Claims, And Establishing A Procedure To Resolve Objections To The DIP Lenders' Claims* [Docket No. 4938] (the "**Distribution Motion**").

**RECITALS**

WHEREAS, on April 18, 2001 (the **"Petition Date"**), Winstar Communications, Inc. ("Winstar") and Winstar Wireless, Inc. (together with Winstar, the **"Debtors"**) commenced their bankruptcy cases under chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**) in the United States Bankruptcy Court for the District of Delaware (the **"Court"**), and, on the same day, the Debtors filed an adversary complaint against Lucent Technologies Inc. (now known as Alcatel Lucent USA, Inc.) (**"Lucent"**), which complaint was later amended to allege, *inter alia*, that Lucent had received a preferential payment (the **"Preference Action"**);

WHEREAS, on the Petition Date, the Debtors also filed a motion seeking authorization to borrow up to $300 million under the DIP Credit Agreement and to provide adequate protection of the interests in the Debtors' property held by the holders (collectively, the **"Pre-Petition Lenders"**) of claims arising under that certain $1,150,000,000 Revolving Credit and Term Loan Agreement (the **"Pre-Petition Credit Agreement"**), dated as of May 4, 2000, among Winstar and certain affiliates, The Bank of New York, as Administrative Agent and Collateral Agent (the **"Pre-Petition Agent"**), Citicorp North America, Inc., as Syndication Agent, CIBC World Markets Corp. and Credit Suisse, as Documentation Agents, and the Lenders from time to time parties thereto;

WHEREAS, on May 14, 2001, the Court issued its final order approving the DIP Credit Agreement, the debtor in possession financing contemplated thereby, the terms and conditions thereunder, and the Debtors' execution and delivery thereof (the **"Final DIP Order"**) [Docket No. 202];

WHEREAS, on January 24, 2002, the Court entered an order converting the Debtors' chapter 11 cases into cases under chapter 7 of the Bankruptcy Code;

2

WHEREAS, on January 28, 2002, Christine C. Shubert was appointed as Trustee in these chapter 7 cases;

WHEREAS, the Trustee and Lucent litigated the Preference Action, and, on March 25, 2009, the Court approved a settlement of the action whereby, *inter alia*, the estate recovered $320 million in full and final satisfaction of the judgment entered against Lucent in the Preference Action;

WHEREAS, on March 31, 2009, the Trustee filed the Distribution Motion seeking authority (i) to pay the DIP Lenders the amount of the DIP Lenders' claims (the "**DIP Claim**") under the DIP Credit Agreement, as such DIP Claim is set forth and calculated in the DIP Claim Calculation, or, alternatively, (ii) to distribute to the DIP Lenders the undisputed portion of the DIP Claim and establish procedures for determining the allowance of any disputed portion of the DIP Claim;

WHEREAS, on April 20, 2009, the Objecting Pre-Petition Lenders filed a limited objection (the "**Limited Objection**") to the Distribution Motion[1] objecting to, among other things, the inclusion of default interest and compound interest in the calculation of the DIP Claim as set forth in the DIP Claim Calculation;

WHEREAS, on April 27, 2009, the Court entered an order (the "**Interim Distribution Order**") authorizing an interim distribution to the DIP Lenders pursuant to the Distribution Motion of the undisputed amount of the DIP Claim, without prejudice to the right of the DIP

---

[1] *See Limited Objection of Pre-Petition Senior Secured Lenders to Motion of Chapter 7 Trustee for an Order (i) Authorizing an Interim Distribution on the DIP Lenders' Claims, or in the Alternative, (ii) Authorizing an Interim Distribution of the Undisputed Amount of the DIP Lenders' Claims, and Establishing a Procedure to Resolve Objections to the DIP Lenders' Claims.*

3

Lenders to receive other and further distributions on the DIP Claim as may be subsequently authorized by the Bankruptcy Court;

WHEREAS, on May 11, 2009, the Objecting Pre-Petition Lenders filed their *Objection of Prepetition Senior Secured Lenders to Inclusion of Default Interest and Compound Interest in the Claim Asserted by the DIP Lenders* [Docket No. 4965] (the **"Initial Objection"**), and shortly thereafter filed their *Amended Objection of Prepetition Senior Secured Lenders to Inclusion of Default Interest and Compound Interest in the Claim Asserted by the DIP Lenders* [Docket No. 4966] (the **"Amended Objection"** and collectively with the Initial Objection, the **"Objection"**);

WHEREAS, on or about May 12, 2009, pursuant to the Interim Distribution Order, the Trustee made an interim distribution in respect of the DIP Claim to the DIP Agent in the amount of $158,466,776.93, which resulted in a distribution of $157,178,666.41 to the DIP Lenders after payment of the DIP Agent's fees (the **"Interim DIP Claim Distribution"**).

WHEREAS, on June 5, 2009, the Identified DIP Lenders filed their response (the **"Identified DIP Lenders' Response"**) to the Objection, and on June 15, 2009, the Objecting Pre-Petition Lenders filed their reply (the **"Reply"**) to the Identified DIP Lenders' Response;

WHEREAS, on June 18, 2009, the Court held a hearing (the **"Hearing"**) in respect of the Distribution Motion, the Objection, the Identified DIP Lenders' Response and the Reply (collectively, the **"Distribution Motion Pleadings"** and together with the Limited Objection, the Hearing, this Stipulation and all discovery and proceedings relating to the foregoing, the **"DIP Claim Proceedings"**);

WHEREAS, the Trustee has concluded that the amount of the "Adequate Protection Obligations" (as defined in the Final DIP Order) (the **"Adequate Protection Obligations"**) that are secured by the "Adequate Protection Liens" (as defined in the Final DIP Order) in accordance with the provisions of the Final DIP Order is not less than $80,000,000; and

4

WHEREAS, to avoid the expense, delay, uncertainty, and risk inherent in litigation, the Identified DIP Lenders and the Objecting Pre-Petition Lenders have agreed, after arms-length negotiations, subject to the approval of the Court, to resolve the claims and issues concerning the Distribution Motion Pleadings in accordance with the terms set forth below, and the Trustee has signed this Stipulation for the limited purposes set forth below;

NOW THEREFORE, based upon the foregoing, the Identified DIP Lenders, the Objecting Pre-Petition Lenders, and, to the limited extent set forth herein, the Trustee, intending to be legally bound, hereby stipulate and agree as follows:

## AGREEMENT

1.      Withdrawal of Objection. On the Effective Date (as defined herein), and subject to the provisions of paragraph 8 hereof, the Distribution Motion Pleadings shall be resolved as set forth herein.

2.      Allowance of Unpaid DIP Claim. The Identified DIP Lenders and the Objecting Pre-Petition Lenders hereby agree that the unpaid amount of the DIP Claim shall be allowed in the amount of $90,008,743.38 (the "**Allowed DIP Claim Amount**"), which amount represents the accrued and unpaid interest under the DIP Credit Agreement through and including October 31, 2009 and a partial amount of the accrued and unpaid interest for the period fromFebruary 1, 2010 to February 15, 2010, as calculated in the manner reflected in the DIP Claim Calculation after taking into account the Interim DIP Claim Distribution. If this Stipulation is approved by a Final Order (as defined herein) of the Court entered on or before February 15, 2010, interest (including default interest and compound interest) accruing during the period from November 1, 2009 through and including January 31, 2010, as calculated in the same manner in which interest reflected in the DIP Claim Calculation was calculated, shall

5

not become due and payable, and any right, claim or entitlement thereto shall be deemed irrevocably released, forgiven and discharged by the DIP Lenders. Following the Effective Date, the Allowed DIP Claim Amount shall not be subject to objection, disallowance, setoff or other reduction. As used herein, the term **"Final Order"** means an order of a court of competent jurisdiction, including, without limitation, the Court, that shall not have been reversed, stayed, enjoined, set aside, annulled or suspended, with respect to which no timely request for stay, petition for reconsideration or rehearing, appeal or certiorari shall be pending and as to which the time for filing any such petition, appeal or certiorari shall have expired or otherwise terminated.

   3. <u>DIP Payoff Amount; Satisfaction of Allowed DIP Claim Amount</u>. As soon as practicable after the Effective Date, the Trustee shall distribute to the DIP Agent, for the benefit of the DIP Lenders, the sum of $84,508,743.38 (the **"DIP Payoff Amount"**), which amount is calculated as the difference between (i) the Allowed DIP Claim Amount and (ii) the Settlement Amount (as defined herein). Subject to the right of the Identified DIP Lenders under paragraph 5(a) hereof to receive payment of the Identified DIP Lenders' Expense Reimbursement, the Identified DIP Lenders agree to accept, and the DIP Lenders shall be deemed to accept, their respective *pro rata* shares of the DIP Payoff Amount as payment in full, and in full and final satisfaction of any and all claims that the DIP Lenders have or may have, under the DIP Credit Agreement and the Final DIP Order. Subject to their right to receive payment of the Settlement Amount provided in paragraph 4 hereof, on the Effective Date, the Pre-Petition Lenders shall be deemed to have released and waived all of their right, title, interest and claim in and to the DIP Payoff Amount.

6

4. <u>Settlement Amount and Residual Funds</u>.

a. <u>Settlement Amount</u>. On the Effective Date, the DIP Lenders shall be deemed (a) to have released and waived all of their right, title, interest and claim in and to that portion of the Allowed DIP Claim Amount equal to $5,500,000 (the **"Settlement Amount"**), (b) without limiting the generality of clause (a) of this paragraph 4, to have carved out and released the Settlement Amount from any and all liens and security interests securing the Allowed DIP Claim Amount, and (c) to have agreed to the distribution of the Settlement Amount by the Trustee to the Pre-Petition Agent, for the benefit of the Pre-Petition Lenders, in addition to any other distributions that the Pre-Petition Lenders may be entitled to receive from the Debtors' estates. As soon as practicable after the Effective Date, the Trustee shall distribute to the Pre-Petition Agent, for the benefit of the Pre-Petition Lenders, the Settlement Amount, and, as soon as practicable thereafter, the Pre-Petition Agent shall distribute to the Pre-Petition Lenders their respective Pro Rata Shares (as defined in the Pre-Petition Credit Agreement) of the Settlement Amount in accordance with the provisions of the Pre-Petition Credit Agreement and the provisions of **Exhibit A** annexed hereto and incorporated herein and made a part hereof by reference.

b. <u>Residual Funds</u>. As soon as practicable following the Effective Date, the Trustee shall distribute to the Pre-Petition Agent, for the benefit of the Pre-Petition Lenders, on account of the Adequate Protection Obligations, (i) an interim distribution of all remaining funds of the Debtors' estate held by the Trustee after payment of the DIP Payoff Amount, the Settlement Amount, the Identified DIP Lenders' Expense Reimbursement (as defined herein), the Objecting Pre-Petition Lenders' Expense Reimbursement (as defined herein), and the establishment of a reserve (the "Administrative Reserve") in the aggregate amount of $17,600,000 for the Trustee's commission, allowed professional fees, and to address

7

administrative claims against the Debtors' estates; and (ii) a final distribution of all remaining funds of the Debtors' estates after application of the funds in the Administrative Reserve to their intended uses, promptly after the Trustee determines the amount of such final distribution and following the Court's approval of the Trustee's Final Report and the entry of a further order of the Court authorizing such final distribution (all such remaining funds alluded to in clauses (i) and (ii) of this Paragraph 4(b), the "**Residual Funds**"). As soon as practicable after the Trustee makes each of the interim distribution and the final distribution to the Pre-Petition Agent, the Pre-Petition Agent shall distribute to the Pre-Petition Lenders their respective Pro Rata Shares of each such distribution of the Residual Funds in accordance with the provisions of the Pre-Petition Credit Agreement and the provisions of Exhibit A annexed hereto.

     5.    <u>Fees and Expenses.</u>

     a.    <u>Identified DIP Lenders' Expense Reimbursement.</u> The Identified DIP Lenders have incurred fees and expenses, including, without limitation, attorneys' fees in an amount not in excess of $750,000 (the actual amount of such fees are referred to herein as the "**Identified DIP Lenders' Expense Reimbursement**") in connection with the DIP Claim Proceedings and are entitled to reimbursement thereof pursuant to the Final DIP Order. As soon as practicable after the Effective Date, the Trustee shall distribute funds in the amount of the Identified DIP Lenders' Expense Reimbursement to the DIP Agent or other designated representative of the Identified DIP Lenders (the "**Designated DIP Lender Representative**"), for the benefit of the Identified DIP Lenders, and, as soon as practicable thereafter, the DIP Agent (or the Designated DIP Lender Representative) shall distribute the Identified DIP Lenders' Expense Reimbursement solely to the Identified DIP Lenders in the respective amounts to be identified in a written communication by counsel to the Identified DIP Lenders to counsel to the DIP Agent or to the Designated DIP Lender Representative, as applicable. The distribution to

8

the Identified DIP Lenders of the Identified DIP Lenders' Expense Reimbursement shall be in addition to the distribution to which the DIP Lenders shall be entitled under paragraph 3 hereof.

b.    Objecting Pre-Petition Lenders' Expense Reimbursement.    The Objecting Pre-Petition Lenders have incurred fees and expenses, including, without limitation, attorneys' fees, in an amount not in excess of $650,000 (the actual amount of such fees and expenses are referred to herein as the **"Objecting Pre-Petition Lenders' Expense Reimbursement"**) in connection with the DIP Claim Proceedings and are entitled to reimbursement thereof pursuant to the Final DIP Order.    As soon as practicable after the Effective Date, the Trustee shall distribute funds in the amount of the Objecting Pre-Petition Lenders' Expense Reimbursement to the Pre-Petition Agent or other designated representative of the Objecting Pre-Petition Lenders (the **"Designated Pre-Petition Lender Representative"**), for the benefit of the Objecting Pre-Petition Lenders, and, as soon as practicable thereafter, the Pre-Petition Agent (or the Designated Pre-Petition Lender Representative) shall distribute the Pre-Petition Lenders' Expense Reimbursement solely to the Objecting Pre-Petition Lenders in the respective amounts to be identified in a written communication by counsel to the Objecting Pre-Petition Lenders to counsel to the Pre-Petition Agent or to the Designated Pre-Petition Lender Representative, as applicable.    The distribution to the Objecting Pre-Petition Lenders of the Objecting Pre-Petition Lenders' Expense Reimbursement shall be in addition to the distributions to which the Pre-Petition Lenders shall be entitled under paragraph 4 hereof.

c.    Before distributing the Identified DIP Lenders' Expense Reimbursement or the Objecting Pre-Petition Lenders' Expense Reimbursement to either the Identified DIP Lenders or the Objecting Pre-Petition Lenders, the Identified DIP Lenders or the Objecting Pre-Petition Lenders, as the case may be, first shall furnish the Trustee with invoices

9

from their respective counsel substantiating the fees and expenses incurred, which invoices shall include the actual time entries of the professionals providing services and the expenses incurred.

6. <u>Distributions to Pre-Petition Lenders</u>. In making distributions to the Pre-Petition Lenders to which they are entitled hereunder, the Pre-Petition Agent shall comply with the provisions of paragraphs 4 and 5(b) of this Stipulation and the provisions set forth in Exhibit A annexed hereto.

7. <u>Mutual Releases</u>. Effective on the Effective Date, the Identified DIP Lenders and the Objecting Pre-Petition Lenders hereby irrevocably and unconditionally release and forever discharge each other, and each and every of their respective predecessors, successors, affiliates, partners, principals, members, officers, directors, employees, assigns, agents and attorneys, of and from all demands, causes of action, suits at law or in equity, proceedings, debts, obligations, dues, damages, liabilities, costs, attorneys' fees, and claims of any kind or nature, known or unknown, contingent or non-contingent, matured or non-matured, uncertain or liquidated arising from or relating to the DIP Claim Proceedings; *provided, however,* nothing in this paragraph 7 shall affect or impair any of the rights, entitlements, duties and obligations of the Identified DIP Lenders and the Objecting Pre-Petition Lenders, respectively, set forth in this Stipulation.

8. <u>Effective Date of Stipulation</u>. This Stipulation shall become effective only upon the date on which an order entered by the Court approving this Stipulation (the "**Effective Date**") becomes a Final Order; *provided, however,* if this Stipulation is not approved by a Final Order on or before February 15, 2010, this Stipulation shall be null and void *ab initio* and of no force or effect, in which event nothing contained herein shall constitute an admission of liability by any of the Pre-Petition Lenders or the DIP Lenders or a concession

10

by any of the Pre-Petition Lenders or the DIP Lenders of any fact or issue relating to the DIP Claim Proceedings.

9.    Procedural Matters.    To implement this Stipulation, the Identified DIP Lenders and the Objecting Pre-Petition Lenders agree as follows:

a.    Execution by Trustee.    As soon as practicable following their execution of this Stipulation, the Identified DIP Lenders and the Objecting Pre-Petition Lenders shall use their respective commercially reasonable best efforts to review the Stipulation with the Trustee and her counsel and cause the Trustee's counsel to execute this Stipulation on behalf of the Trustee.

b.    Preparation and Filing of Approval Request.    As soon as practicable after the Trustee has executed this Stipulation, the Identified DIP Lenders, the Objecting Pre-Petition Lenders and the Trustee jointly shall prepare and file with the Court, in form and substance satisfactory to each of them, (i) a notice of this Stipulation (together with this Stipulation), which notice shall provide creditors and parties in interest with notice of, among other things, the filing and the terms of the Stipulation and a reasonable period of time within which to file an objection thereto and further providing notice that, in the absence of any such objection, a form of order approving the Stipulation shall be presented to the Court for signature and entry without further notice, or, (ii) alternatively, if necessary under applicable rules of procedure, a motion (such notice or such motion, as applicable, the **"Approval Request"**) seeking approval of this Stipulation, together with a proposed form of order.

10.    Miscellaneous.

a.    Counterparts.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which, taken together,

11

shall constitute one agreement binding upon the parties hereto, and an executed facsimile copy shall also be deemed and considered as an original.

b.   Governing Law.  This Stipulation shall be governed by the laws of the State of New York, without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction.

c.   Binding Effect.  This Stipulation shall be binding on and inure to the benefit of the Identified DIP Lenders and the Objecting Pre-Petition Lenders and their respective successors and assigns, as well as the Trustee (with respect to only paragraphs 2, 3, 4, 5, 8, 9(b), and 10 hereof).

d.   Integration.  This Stipulation constitutes the entire agreement and understanding between the Identified DIP Lenders and the Objecting Pre-Petition Lenders regarding the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written.

e.   Amendment.  This Stipulation may not be amended or modified except by prior written agreement executed by or on behalf of the Identified DIP Lenders and the Objecting Pre-Petition Lenders, respectively; *provided, however*, that, if the Identified DIP Lenders and the Objecting Pre-Petition Lenders execute an agreement amending any one or more of paragraphs 2, 3, 4, 5, 8, 9(b) and 10 hereof, the effectiveness of such amendment shall be conditioned upon obtaining the written consent of the Trustee to such amendment to the extent that the paragraph or paragraphs so amended is or are binding upon the Trustee as provided in paragraph 10(c) hereof.

f.   Retained Jurisdiction.  The Court shall retain jurisdiction to hear and determine any matters or disputes arising from or relating to this Stipulation.

12

g.      Paragraph Captions. The paragraph captions in this Stipulation are for convenience of reference only and are not intended to be full or accurate descriptions of the contents thereof and shall not be deemed to be part of this Stipulation and in no way define, limit, extend or describe the scope or intent of any provisions hereof.

h.      Authority. The undersigned certify that they are duly authorized to execute this Stipulation on behalf of their respective clients indicated below their respective signature blocks.

i.      Limited Agreement of Trustee.    The Trustee executes this Stipulation for the sole and limited purpose of consenting to and agreeing to be bound by the provisions of paragraphs 2, 3, 4, 5, 8, 9(b) and 10 of this Stipulation.

[Remainder of page left intentionally blank]

13

GREENBERG TRAURIG, LLP

___/S_____ _____

Dennis A. Meloro
(Delaware Bar No. 4435)
1007 West Orange Street, Suite 1200
Wilmington, DE 19801
Phone: (302) 661-7000
Fax: (302) 661-7360
melorod@gtlaw.com

and

KASOWITZ, BENSON, TORRES & FRIEDMAN
LLP
Richard A. Casher, Esq.
Matthew B. Stein, Esq.
1633 Broadway
New York, NY 10019
Phone: (212) 506-1700
Fax: (212) 506-1800

*Counsel for Objecting Pre-Petition Lenders*


MORRIS JAMES LLP

___/S_____ _____

Carl N. Kunz, III (#3201)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com

and

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan, Esq.
Janet M. Weiss, Esq.
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-5234

*Counsel for Identified DIP Lenders*

14

FOX ROTHSCHILD LLP

By: ___/S_____ _____
Sheldon K. Rennie, Esq.
Delaware Bar No. 3772
919 N. Market Street, Suite 1300
Wilmington, DE 19801-3046
Telephone: (302) 654-7444
Facsimile: (302) 656-8920

and

HERRICK, FEINSTEIN LLP
Stephen M. Rathkopf, Esq.
David R. King, Esq.
2 Park Avenue
New York, NY 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500

*Counsel for the Trustee*

15

**Exhibit A**

1.    <u>Undeliverable Distributions to Pre-Petition Lenders</u>.  If any distribution by the Pre-Petition Agent to a Pre-Petition Lender of (a) funds representing such Pre-Petition Lenders' Pro Rata Share of the Settlement Amount or the Residual Funds and/or (b) any other funds originating from the Debtors' estates is returned to the Pre-Petition Agent as undeliverable, no further distributions shall be made to such Pre-Petition Lender unless and until the Pre-Petition Agent is notified, in writing, of such Pre-Petition Lender's then-current address.  Except as provided herein, any such undeliverable distributions shall remain in the possession of the Pre-Petition Agent until such time as such distribution becomes deliverable.  The Pre-Petition Agent shall have no duty to attempt to locate any such Pre-Petition Lender.  Any Pre-Petition Lender that does not assert its right to receive a distribution within six (6) months from and after the date on which such distribution was made shall be deemed irrevocably to have waived and forfeited its right, claim and entitlement in and to such distribution.  Promptly following the expiration of such six (6)-month period, the Pre-Petition Agent shall aggregate all such undeliverable distributions (collectively, the **"Undeliverable Distributions"**), together with the Time-Barred Distributions (as defined herein), and distribute to each Pre-Petition Lender to which it previously successfully delivered a distribution such Pre-Petition Lender's Pro Rata Share of such Undeliverable Distributions and Time-Barred Distributions.

2.    <u>Time Bar to Cash Payments</u>.  Checks issued by the Pre-Petition Agent on account of distributions of the Settlement Amount, the Residual Funds or other funds originating from the Debtors' estates shall be null and void if not negotiated within six (6) months from the date of issuance thereof (the distributions collectively evidenced by such null and void checks, the **"Time-Barred Distributions"**).  After such date, all claims in respect of checks that are null and void hereunder irrevocably shall be discharged and forever barred, and the funds evidenced by

such null and void checks shall be distributed in accordance with the provisions of paragraph 1

hereof.

2